1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                                ----oo0oo----

11

12   JEROME WALKER,                      Civ. No.  2:16-61 WBS CMK

13                Plaintiff,

14        v.                             ORDER RE: MOTION TO DISMISS;
                                         MOTION TO STRIKE
15   MCCLOUD COMMUNITY SERVICES
     DISTRICT,

16                Defendant.

17

18                                ----oo0oo----

19           Plaintiff Jerome Walker brought this action against

20   defendant McCloud Community Services District alleging race

21   discrimination in violation of (1) Title VII of the Civil Rights

22   Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., (2)

23   California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't

24   Code § 12900 et seq., and (3) California public policy.  (Compl.

25   (Docket No. 1).)[1]  Defendant moves to dismiss plaintiff's third

26   cause of action without leave to amend pursuant to Federal Rule

27   _____

28        [1]    Plaintiff has exhausted his federal and state
     administrative remedies.  (Id. Exs. 1-3.)

                                   1

1  of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim

2  upon which relief can be granted.  (Docket No. 4.)  Defendant

3  also moves to strike plaintiff's prayer for punitive damages

4  pursuant to Rule 12(f).  (Docket No. 5.)

5        Plaintiff has filed statements of non-opposition to

6  both motions.  (Docket Nos. 9-10.)  A statement of non-opposition

7  is filed by a "responding party who has no opposition to the

8  granting of [a] motion."  E.D. Cal. L.R. 230(c).  Having read

9  defendant's briefs and in light of the absence of any opposition

10  to the pending motions, the court will vacate the hearing set for

11  March 21, 2016 and take the motions under submission pursuant to

12  Local Rule 230(g).

13  I.   Motion to Dismiss Third Cause of Action

14        A Rule 12(b)(6) dismissal is proper where there is

15  either a "lack of a cognizable legal theory" or "the absence of

16  sufficient facts alleged under a cognizable legal theory."

17  Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

18  1990).  Under California Government Code section 815, "a state

19  common law claim for wrongful termination in violation of public

20  policy, known as a Tameny action, cannot be brought against a

21  public entity."  Anthoine v. N. Cent. Ctys. Consortium, 605 F.3d

22  740, 754 (9th Cir. 2010) (citing Miklosy v. Regents of Univ. of

23  Cal., 44 Cal. 4th 876, 899-900 (2008)).

24        Plaintiff's third cause of action is a Tameny claim.

25  (Compl. ¶ 17.)  Defendant, however, is a public entity and may

26  not be held liable for a Tameny claim.  (See Docket No. 4-2.)

27  The court will therefore grant defendant's motion to dismiss

28  plaintiff's third cause of action without leave to amend.  See

2

1    <u>Lloyd v. County of Los Angeles</u>, 172 Cal. App. 4th 320, 329 (2d

2    Dist. 2009) ("Lloyd's fifth cause of action against the County, a

3    <u>Tameny</u> claim for wrongful termination in violation of public

4    policy, fails to state a claim."); <u>Kendall v. Visa U.S.A., Inc.</u>,

5    518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to

6    amend is proper if it is clear that the complaint could not be

7    saved by amendment.").

8    II.   <u>Motion to Strike Prayer for Punitive Damages</u>

9          Rule 12(f) permits the court to "strike from a pleading

10   an insufficient defense or any redundant, immaterial,

11   impertinent, or scandalous matter."  The court may only strike

12   material from a pleading if it falls within one of these five

13   categories.  <u>Whittlestone, Inc. v. Handi-Craft Co.</u>, 618 F.3d 970,

14   973-74 (9th Cir. 2010).  Defendant moves to strike plaintiff's

15   prayer for punitive damages, (Compl. at 3:17), on the ground that

16   punitive damages are not recoverable against public entities

17   under Title VII and California law.

18         The Ninth Circuit has made clear that "Rule 12(f) does

19   not authorize district courts to strike claims for damages on the

20   ground that such claims are precluded as a matter of law."

21   <u>Whittlestone</u>, 618 F.3d at 974-75; <u>see also</u> <u>Wells Fargo Bank, N.A.</u>

22   <u>v. Am. Nat'l Ins. Co.</u>, 493 F. App'x 838, 840 (9th Cir. 2012)

23   ("revers[ing] the district court order striking [plaintiff's]

24   request" for relief under Rule 12(f)).  In light of <u>Whittlestone</u>,

25   courts in this district have held that Rule 12(f) cannot be used

26   to strike any portion of a plaintiff's prayer for relief,

27   including a request for punitive damages.  <u>E.g.</u>, <u>Estate of Prasad</u>

28   <u>ex rel. Prasad v. County of Sutter</u>, 958 F. Supp. 2d 1101, 1128

1    (E.D. Cal. 2013) (Nunley, J.) ("Plaintiffs' prayer for punitive

2    damages satisfies 'none of the five categories' of material that

3    may be stricken under Rule 12(f)." (alterations omitted));

4    Bakersfield Pipe & Supply, Inc. v. Cornerstone Valve, LLC, Civ.

5    No. 1:14-1445 JLT, 2015 WL 4496349, at *2 (E.D. Cal. July 23,

6    2015) ("[A] motion under Rule 12(f) is not a proper method by

7    which to strike a claim for punitive damages."); Landmark Equity

8    Fund, II, LLC v. Arias, Civ. No. 1:15-202 JLT, 2015 WL 4224176,

9    at *9 (E.D. Cal. July 10, 2015) ("[T]his Court has determined

10   that striking portions of a prayer for relief is not proper under

11   Rule 12(f)."); McGuire v. Recontrust Co., Civ. No. 2:11-2787 KJM

12   CKD, 2013 WL 5883782, at *3 (E.D. Cal. Oct. 30, 2013) (parties

13   may not use Rule 12(f) to "strike any portion of [a] plaintiff's

14   prayer for relief").[2]

15        Because defendant argues that plaintiff may not recover

16   punitive damages as a matter of law, defendant's motion is based

17   entirely on the sufficiency of plaintiff's request for punitive

18   damages.  The proper vehicle for challenging the sufficiency of a

19   punitive damages claim is a motion to dismiss under Rule

20   12(b)(6), and not a motion to strike under Rule 12(f).  Kelley v.

---

22   [2]  Defendant cites two cases for the proposition that Rule
     12(f) allows a court to strike a prayer for relief where the
23   damages sought are not recoverable as a matter of law.  See
     Gay-Straight Alliance Network v. Visalia Unified Sch. Dist., 262
24   F. Supp. 2d 1088, 1110-11 (E.D. Cal. 2001) (Wanger, J.) (striking
     prayer for punitive damages because public entities "cannot be
25   sued under [42 U.S.C. § 1983] as a matter of law for punitive
     damages"); Barefield v. Cal. State Univ. Bakersfield, Civ. No. F-
26   05-633 AWI TAG, 2006 WL 829122, at *2 (E.D. Cal. Mar. 28, 2006)
27   ("[A] motion to strike may be used to strike a prayer for relief
     where the damages sought are not recoverable as a matter of
28   law.").  Both cases, however, were decided before Whittlestone.

1    Corr. Corp. of Am., 750 F. Supp. 2d 1132, 1146 (E.D. Cal. 2010)
2    (Ishii, J.).

3           "Where a motion is in substance a Rule 12(b)(6) motion,
4    but is incorrectly denominated as a Rule 12(f) motion, a court
5    may convert the improperly designated Rule 12(f) motion into a
6    Rule 12(b)(6) motion." Id. (citation omitted); e.g., Crisanto v.
7    County of Tulare, Civ. No. 115-1527 LJO BAM, 2015 WL 7188165, at
8    *6 (E.D. Cal. Nov. 16, 2015) (construing motion to strike a
9    request for punitive damages as a Rule 12(b)(6) motion to
10   dismiss).  Defendant's motion is in substance a Rule 12(b)(6)
11   motion because it relies on the sufficiency of plaintiff's
12   punitive damages claim.  The court will therefore consider
13   defendant's motion as though it were correctly denominated as a
14   motion to dismiss for failure to state a claim upon which relief
15   can be granted.

16          It is well-established that Title VII specifically
17   exempts public entities from punitive damages.  See 42 U.S.C.
18   § 1981a(b)(1); Ulmschneider v. Los Banos Unified Sch. Dist., Civ.
19   No. 1:11-CV-1767 AWI GSA, 2012 WL 525577, at *11 (E.D. Cal. Feb.
20   16, 2012).  California Government Code section 818 similarly
21   "bars any award of punitive damages against a public entity."
22   Westlands Water Dist. v. Amoco Chem. Co., 953 F.2d 1109, 1113
23   (9th Cir. 1991).  Accordingly, the court will dismiss plaintiff's
24   claim for punitive damages without leave to amend.  See Arres v.
25   City of Fresno, Civ. No. F-10-1628 LJO SMS, 2011 WL 284971, at
26   *30 (E.D. Cal. Jan. 26, 2011) (dismissing with prejudice punitive
27   damages claims against public entity defendant).

28          IT IS THEREFORE ORDERED that:

1           (1) defendant's motion to dismiss plaintiff's third

2    cause of action, (Docket No. 4), be, and the same hereby is,

3    GRANTED without leave to amend; and

4           (2) defendant's motion to strike plaintiff's claim for

5    punitive damages, (Docket No. 5), construed as a motion to

6    dismiss plaintiff's claim for punitive damages pursuant to Rule

7    12(b)(6), is hereby GRANTED without leave to amend.

8    Dated:  March 14, 2016

9

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE